**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Lewis S. Burkhart**
Assistant U.S. Attorney
Lewis.Burkhart@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

October 1, 2025

Mr. Benjamin T Andersen
Benjamin T Andersen LLC
1000 SW Broadway Ste 1740
Portland OR  97205

Jonathon Ogden
Ogden Law Firm, LLC
1000 SW Broadway, #910
Portland, OR 97205



3:25-CR-390

Re:    *United States v. Julie Winters*, Case No. 3:25-cr-00284 and ~~3:25-mj-253~~
       Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:

   3:25-cr-00284

   Defendant agrees to plead guilty to Count 2 of the Indictment in 3:25-cr-00284, which charges the Intimidation of a Federal Officer in violation of Title 18, United States Code, Sections 111(a)(1), (b)(1).

   ~~3:25-mj-253~~  3:25-CR-390

Revised Dec. 2024

Anderson and Ogden
Re: Julie Winters Plea Agreement Letter
Page 2
September 25, 2025

      Defendant agrees to waive indictment and plead guilty to Count 2 of the Information based on case number 3:25-cr-mj-253, which will charge Resisting Arrest, in violation of Title 18, United States Code, Section 111(a)(1).

3. **Penalties**:

   3:25-cr-00284

   The maximum sentence is 20 years' imprisonment, a fine of $250,000, 3 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below.

   ~~3:25-mj-253~~ 3:25-CR-390 [SB]

   The maximum sentence is 1 year imprisonment, a fine of $100,000, 1 year of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**:

   A. Elements

   3:25-cr-00284

   In order for defendant to be found guilty of Count Two of the Indictment, the government must prove the following elements beyond a reasonable doubt:

   First, on or about June 24, 2025 in the District of Oregon;

   Second, the defendant did forcibly intimidate persons designated in 18 U.S.C. 1114;

   Third, said persons were engaged in the official duties

Revised Dec. 2024

Anderson and Ogden
Re: Julie Winters Plea Agreement Letter
Page 3
September 25, 2025

Fourth, the defendant was armed with a dangerous or deadly weapon.

~~3:25-mj-253~~ 3:25-CR-390 (LSB)

First, on or about August 20, 2025 in the District of Oregon;

Second, the defendant did forcibly resist arrest from persons designated in 18 U.S.C. 1114;

Third, said persons were engaged in the official duties

B.  Factual Basis

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime(s) to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea(s). The following facts are true and undisputed:

3:25-cr-00284

On June 24, 2025, ~~the defendant joined protests at the ICE building in Portland, Oregon.~~ (LSB) The defendant approached the ICE building vehicular gate to attempt to lock gate with a bicycle lock. While the defendant was at the ICE gate, a firework exploded and the source of the firework has not been determined. The defendant began to walk away as Federal Officers went to make contact with the defendant. The defendant then brandished a large knife, a dangerous or deadly weapon, and swung it back and forth at the officers in an attempt to intimidate the officers, who were engaged in their official duties.

~~3:25-mj-253~~ 3:25-CR-390 (LSB)

A federal arrest warrant was issued for the defendant's arrest for violating the conditions of her pretrial release. On August 20, 2025, the defendant went to the Pretrial Services Office in Portland, Oregon and U.S. Marshals attempted to place the defendant under arrest as part of their official duties. The defendant resisted arrest after being placed under arrest by causing forcible contact with the Marshals.

6.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the

Anderson and Ogden
Re: Julie Winters Plea Agreement Letter
Page 4
September 25, 2025

factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.      **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2A2.4 is a Base Offense Level of 10, prior to adjustments.

8.      **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.      **Sentencing Recommendation**: The USAO will recommend a sentence of credit for time served (estimated to be 6 months at the time of sentencing), and the mandatory fee assessments, as long as defendant demonstrates an acceptance of responsibility as explained above, does not commit any new violations and does not commit any pretrial release violations, if released. The USAO will recommend a 3-year term of supervised release during which defendant is prohibited from entering the area surrounding the Immigration and Customs Enforcement Building in Portland Oregon. Defendant is specifically prohibited from entering the area bounded by South Gaines Street to the North; South Boundary Street to the South; Southwest Terwilliger to the West; and the Willamette River to the East. Defendant may use I-5 to transit the exclusion area so long as defendant does not depart the freeway or stop within the exclusion area.

10.     **Dangerous Weapon Enhancement**: The parties agree to a three-level increase for possessing and using a dangerous weapon pursuant to USSG § 2A2.4.

11.     **Combined Offense Level**: The parties agree the defendant's offense level will be increased by one-level under USSG § 3D1.4 due to a combined offense level.

12.     **18 U.S.C. § 3553(a)**: The USAO will recommend a two-level downward adjustment for resolving the case before the second trial setting and waiving indictment in 3:25-mj-253.

13.     **No "Zero-Point" Offenders Reduction**: The parties agree the defendant is not eligible for a Zero Point Offender reduction under USSG § 4C1.1 because the offense(s) involved violence.

Anderson and Ogden
Re: Julie Winters Plea Agreement Letter
Page 5
September 25, 2025


14. **Abandonment of Knives**: By signing this agreement, defendant hereby voluntarily abandons all right, title, and interest to the knives seized.

15. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

16. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

17. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

Anderson and Ogden
Re: Julie Winters Plea Agreement Letter
Page 6
September 25, 2025

18. **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

19. **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

20. **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

21. **Deadline**:  This plea offer expires if not accepted by October 2, 2025 at 5:00 p.m.

    Sincerely,

    SCOTT E. BRADFORD
    United States Attorney


    */s/Lewis S. Burkhart*
    LEWIS S. BURKHART
    Assistant United States Attorney

Anderson and Ogden
Re: Julie Winters Plea Agreement Letter
Page 7
September 25, 2025

      I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

10/2/25
Date

Julie Winters, Defendant

      I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/2/2025
Date

Ben Anderson, Attorney for Defendant

_____
Date

Jonathon Ogden, Attorney for Defendant

Revised Dec. 2024